IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN KWIATKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THE WALSH GROUP LTD. d/b/a | ) | |
| Walsh Construction Company II LLC, | ) | Jury Trial Requested |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, the Plaintiff, Karen Kwiatkowski, by and through her attorneys, Anthony J. Peraica of Anthony J. Peraica & Associates, Ltd., complain against the Defendant, The Walsh Group Ltd. d/b/a Walsh Construction Company II LLC, and alleges as follows:

### Nature of the Action

1. This is an action brought under the Americans with Disabilities Act for termination of the Plaintiff's employment based upon her disability.

### Jurisdiction and Venue

2. Jurisdiction is proper pursuant to 28 U.S.C. §1343, which confers original jurisdiction in a civil action to redress the deprivation of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States under color of any State law, statute, ordinance, regulation, custom, or usage, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

3. Jurisdiction is also proper pursuant to 28 U.S.C. §1331, which confers original

jurisdiction in a civil action arising under the Constitution or laws of the United States.

4. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1391(c), because the Defendant resides within this District, and because the events or omissions giving rise to the claims alleged herein occurred and continue to occur within this District.

5. Plaintiff Karen Kwiatkowski filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A. The EEOC issued a Right To Sue letter on May 11, 2022. Exhibit B.

## Parties

6. Plaintiff Karen Kwiatkowski is a resident of the Village of Justice, County of Cook, State of Illinois.

7. Plaintiff Karen Kwiatkowski was an employee of The Walsh Group Ltd. d/b/a Walsh Construction Company II LLC.

8. Defendant The Walsh Group Ltd. is a Limited Liability Company that is incorporated in the State of Illinois with its principal place of business located at 929 W. Adams, Chicago, IL 60607.

9. Defendant The Walsh Group Ltd. is an umbrella corporation under which there operate three companies—Walsh Construction, Archer Western and Walsh Canada—in 21 regional offices.

10. Plaintiff worked for the affiliated office known as Walsh Construction Company II LLC, which is also located at 929 W. Adams, Chicago, IL 60607.

## Facts

11. The primary function of Defendant The Walsh Group is to provide design, building, financing and operations for a wide variety of construction project.

12. According to Defendant's website, https://www.walshgroup.com/ourcompany.html#, Walsh Construction was first incorporated in 1949 in Chicago, Illinois and is one of the largest and most respected general contracting, construction management and design-build firms in North America. The firm operates out of regional offices across the United States, working with union labor and union subcontractors in the building, civil and transportation sectors.

13. Defendant employs over 4,000 employees and has a yearly revenue around $4 Billion dollars.

14. Plaintiff was working for the Defendant as an Account Payable Technician from August 31, 2015 until January 12, 2022, when she was terminated.

15. In August 2018, Plaintiff began using her FMLA rights by requesting time off for her severe right flank and lower back pain, which would flare up and prevent her from performing her job. She was later diagnosed with fibromyalgia, disc herniation and spinal stenosis.

16. On September 2, 2021, Plaintiff requested and was approved FMLA rights for her disabilities.

17. While on leave, Plaintiff was in communication with her employer about her medical conditions and limitations.

18. Plaintiff had requested the accommodation to work from home, which other employees were allowed to do, but was denied this accommodation.

19. Despite being on unpaid leave of absence and denied the accommodation to work from home, Plaintiff continued to work answering emails, reviewing and submitting invoices for payments, and other functions of her position until January 12, 2022.

20. On January 12, 2022, without prior notice, Plaintiff was contacted by Defendant's

employee Rhonda Ceska who told the Plaintiff that her approved leave of absence ended that she is being terminated from her employment immediately.

21. Plaintiff later received a letter dated January 12, 2022, which stated Defendant would not continue to accommodate Plaintiff's absence as her position requires someone on a full-time basis.

### VIOLATION OF ADA (Discrimination Based Upon Disability)

22. Upon information and belief, Plaintiff's medical condition is considered a disability under the Americans with Disabilities Act and subsequent amendments.

23. Defendant was aware of Plaintiff's disability and recognized her need for leave.

24. Plaintiff's impairment was not minor.

25. Plaintiff advised Defendant's agents, i.e. her supervisors, human resources, of her disability.

26. Plaintiff suffered adverse employment decisions—including non-payment for work at home, denial of accommodation of working from home, denial of flex time or adjustments to her schedule—because of her disability.

27. Based on information and belief, Plaintiff was wrongfully discriminated against due to her disability.

28. Based on information and belief, Plaintiff's employment termination is the result of discrimination in violation of the ADA.

29. Based on information and belief, the actions taken against the Plaintiff constitute and are the result of discrimination based upon disability by the Defendant, in violation of the ADA.

30. Plaintiff has exhausted her administrative remedies by filing Charges of Discrimination, whereupon the EEOC issued right to sue letters. See Exhibit A and B.

31. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

32. The Defendant's wrongful actions also caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant and that the Plaintiff be awarded all wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, overtime, benefits, future pecuniary losses, and pre-judgment interest; compensatory damages; an award of Plaintiff's attorneys' fees, court costs, litigation expenses and disbursements which Plaintiff has incurred and will incur as a result of the Defendant's unlawful conduct; and such other relief as this Court deems just and equitable.

Respectfully submitted,

\_\_\_s/ Anthony J. Peraica\_\_\_
ANTHONY J. PERAICA

Attorney for Plaintiff Karen Kwiatkowski
Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
support@peraica.com